IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SUPPORT WORKING
ANIMALS, INC., et al.,

     *Plaintiffs*,

v.                           **CASE NO.: 4:19cv570-MW/MAF**

ASHLEY MOODY, etc.,

     *Defendant*.

_____/

## ORDER GRANTING MOTION TO DISMISS

This Court has considered, without hearing, Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint.  ECF No. 48.  Leaving aside any other infirmity in the Second Amended Complaint, and there are plenty, this Court concludes Plaintiffs lack standing to bring this action against Defendant and Defendant's motion is therefore due to be **GRANTED**.

In a prior Order, this Court held, in part, that Plaintiffs had standing to sue Defendant in this action because Defendant's statutory duty to superintend and direct Florida's state attorneys constituted a sufficient connection to the enforcement of the challenged provision of Florida law.  ECF No. 46 at 20–26.  Since that time, however, new binding precedent has emerged which instructs that such supervisory

authority is insufficient to render state-level Florida authorities proper defendants in cases like the present one.  *See Jacobson v. Fla. Sec'y of State*, 957 F.3d 1193, 1207–12 (11th Cir. 2020) (holding Florida Secretary of State's duties and authority with respect to Florida's election laws did not establish traceability nor redressability as to that official in lawsuits challenging the constitutionality of those laws).  If injuries arising from Florida's election laws are not traceable to nor redressable through Florida's Secretary of State, the injuries Plaintiffs allege in this case are neither traceable to nor redressable through Florida's Attorney General.  *Compare, e.g.*, § 97.012, Fla. Stat. (2019) (designating the Florida Secretary of State as the "chief election officer of the state" and giving that officer authority to promulgate binding rules implementing Florida's election laws) *and* § 15.13, Fla. Stat. (2019)  (charging the Florida Secretary of State with "general supervision and administration of the election laws) *with* § 16.01(4)–(5), Fla. Stat. (2019) (providing the Florida Attorney General "[s]hall appear in and attend to . . . all suits or prosecutions, civil or criminal or in equity, in which the state may be a party, or in anywise interested" in any court, but not authorizing the joinder of the Florida Attorney General in such lawsuits) *and* § 16.08, Fla. Stat. (2019) (charging the Florida Attorney General with "general superintendence and direction" of Florida's state attorneys).

These statutory delineations and assignments of the Florida Attorney General's powers as relevant to the present case are not meaningfully distinguishable

from the corresponding statutory delineations and assignments of the Florida Secretary of State's powers as relevant to *Jacobson*.  And it is no answer to argue that the Florida Legislature might assign more direct enforcement and/or implementation authority to Defendant by the statutes through which it implements Article X, section 32 of the Florida Constitution, because speculation about the nature and manner of future enforcement is not a sufficient basis for standing.  *Cf. City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 111 (1983).

Accordingly, this Court concludes Defendant's Motion to Dismiss, ECF No. 48, is due to be **GRANTED**.  Plaintiffs' Second Amended Complaint is therefore **DISMISSED** for lack of standing as to Defendant.  The Clerk shall enter judgment stating, "Plaintiffs claims against Defendants are dismissed without prejudice for lack of subject-matter jurisdiction."

**SO ORDERED on June 12, 2020.**

s/Mark E. Walker
**United States District Judge**